IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LESLY GATHERIGHT,** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:12-CV-111-SA-SAA**

**NORMAN CLARK,** *et al.*, **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Lesly Gatheright has filed several motions which all stem from an attempt to have this court compel non-parties to answer questions by way of deposition upon written examination. Docket 47, 49, 52, 53, 58. Plaintiff's first motion to compel, Docket 47, asks the court to require the State of Mississippi, Judge Robert Elliott, James Hood, former governor Haley Barbour, Jerry (Lon) Stallings, and Honey Ussery to submit to deposition by written questions under Rule 31 of the FEDERAL RULES OF CIVIL PROCEDURE. Having duly considered the motion, including all evidence offered by the plaintiff, the court denies the motion on the grounds that plaintiff has failed to satisfy the requirements of Rule 31.

Plaintiff's various motions, including the present, seek discovery responses from persons or entities who are not named as parties in this case. Many, if not all, of these non-parties are the same non-parties this court previously declined to allow plaintiff to amend his complaint to add as parties to this action. Docket 54. Although Rules 33, 34 and 36(a)(1) of the FEDERAL RULES OF CIVIL PROCEDURE allow a party to propound interrogatories, requests for production or requests for admissions *only to other parties to the lawsuit*, Rule 31 does permit non-parties to be deposed upon written examination. However, Rule 31—a cumbersome process at best and one

1

that is rarely used if other alternative means of deposition are available—spells out the proper procedures that must be followed leading up to, including, and following such a Rule 31 deposition by written questions, and there is no evidence in the record that plaintiff has complied with those procedures before seeking relief from the court.  As with all federal practice, these procedures must be followed without fail, particularly when they are applied to persons or entities not parties to the action.

In this instance, while plaintiff may certainly be permitted under the law to take depositions of non-parties, there is no question that there have been several procedural deficiencies which prevent this court from compelling responses.  First, notice appears wholly insufficient under the Rule 31(A)(3).  The docket contains no evidence that plaintiff has filed notices of service on any of the non-parties sought to be deposed or on the parties to the action as required.  Nor does plaintiff appear to have obtained service of subpoenas upon the subjects he desires to question as required by Rule 31(a)(1).  Likewise, the docket contains no information to satisfy the court that plaintiff has made the necessary arrangements with an officer qualified to take the deponents' testimony, then prepare and certify the depositions and comply with the remaining provisions of Rule 31(b).

Finally, although plaintiff has not filed notices on the docket, it appears that the discovery tools originally propounded to the non-parties in question were improper even beyond the issue of notice.  There are references in some exhibits attached to plaintiff's motions to "Request for Admission," which were apparently sent by plaintiff to at least two of the non-parties and which were rejected as improper by Special Assistant Attorney General Paul E. Barnes.  *See, e.g.*, Docket 49-1, 58.  Rule 31 permits deposition of non-parties upon written examination and provides procedure that must be followed in such an event,  but it does not permit plaintiff to

propound interrogatories, requests for production, or requests for admissions toward those non-parties.

Despite plaintiff's broad assertions of various constitutional violations, and the court's typical leniency given to *pro se* plaintiffs, plaintiff has wholly failed to satisfy the requirements of the FEDERAL RULES OF CIVIL PROCEDURE. As a consequence, it is

**ORDERED**

that plaintiff's first motion to compel non-parties to respond to discovery, Docket 47, is DENIED.

This, the 8th day of July 2015.

    /s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE