IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LESLY GATHERIGHT                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:12-CV-111-SA-SAA

NORMAN CLARK, and
NAC FARMS                                                                          DEFENDANTS

MEMORANDUM OPINION

Defendants filed a Motion to Dismiss [81] on the grounds that the Plaintiff's four count Complaint fails to state a claim on which relief can be granted. Plaintiff has responded, and the motion is ripe.

*Factual and Procedural Background*

Plaintiff, an operator of Dr. Fresh Foods, a produce distribution company, procured agricultural products from Norman Clark, doing business as Norman Clark Farms or Clark Farms.

On August 27, 2007, Plaintiff purchased sweet potatoes from Defendants and left a check postdated for September 11, 2007, in payment. Plaintiff asserts that it was a normal practice for him to postdate a check for payment of the produce when produce was picked up. Another similar transaction occurred on September 11, 2007, wherein, Plaintiff purchased sweet potatoes with a check postdated to be deposited on September 26, and took possession of that produce.

Plaintiff asserts that the August shipment of sweet potatoes was rejected by his buyer and a letter explaining the problem was mailed to Defendants. Further, Plaintiff was unable to sell the sweet potatoes in the September shipment and that produce was held in a refrigerated storage

unit in Louisiana. Because of these instances, when Defendants attempted to deposit the two postdated checks from Plaintiff, there were insufficient funds in his account.

In March of 2008, Plaintiff filed bankruptcy and listed the debt owed to Defendants on the schedule. It is undisputed that Norman Clark attended the Meeting of Creditors.

On April 25, 2008, Norman Clark filed two "Bad Check Affidavits" with the Justice Court of Calhoun County. In those affidavits, Clark swore that Gatheright "willfully and unlawfully and feloniously, with intent to defraud" issued and delivered a check to NAC Farms, Inc. on September 11 and September 26, 2007 in the amount of $8,200.00 and $8,100.00, respectively. Plaintiff avers, however, that the checks post-dated, i.e., issued and delivered prior to the dates listed on those checks.

Plaintiff was arrested in Chicago, Illinois on a governor's warrant from the State of Mississippi. He was incarcerated without bond in Chicago for six weeks until his extradition to Mississippi, where he spent another five days in jail. Plaintiff was indicted on May 14, 2009, on two counts of False Pretenses in the Circuit Court of Calhoun County, one count for each check. Count I was dismissed in November of 2011 in Plaintiff's favor. Count 2 was later dismissed on January 6, 2015.

Plaintiff brought this lawsuit against Norman Clark and NAC Farms alleging the following causes of action: (1) malicious prosecution; (2) false arrest and imprisonment; (3) abuse of process; and (4) intentional infliction of emotional distress. Defendants filed a Motion to Dismiss contending that Defendants were not the cause of Plaintiff's criminal charges, and that Plaintiff has failed to allege or plead any malice by Defendants.

*Motion to Dismiss Standard*[1]

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012), (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. There must be sufficient facts "to raise a reasonable hope or expectation . . . that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citing *Twombly*, 550 U.S. at 555, 559, 127 S. Ct. 1955) (other citations omitted).

---

[1] The parties have attached evidence outside the pleadings to their papers, which would normally convert the 12(b)(6) motion to a motion for summary judgment under Rule 56. *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)); FED. R. CIV. P. 12(d). The Court finds such a conversion unnecessary. The pleadings and other materials properly within the scope of a Rule 12(b)(6) analysis are sufficient for the Court's present ruling. Accordingly, the Court has considered all evidence attached with the exception of the Attorney General's Opinion and Defendant's Answers to the Request for Admissions, both attacked to Plaintiff's Response [90].

*Discussion and Analysis*

Initially, the Court notes that pursuant to Mississippi law, postdated checks cannot support a criminal conviction for obtaining money under false pretenses by writing bad checks. *See Henderson v. State*, 534 So. 2d 554, 556 (Miss. 1998) (noting that a conviction for false pretenses requires a "false representation" that excludes a representation of a promise to repay money in the future); *Raine v. State*, 57 So. 3d 669, 673 (¶ 13) (Miss. Ct. App. 2011); MISS. CODE ANN. § 97-19-55. Indeed,

> [u]nquestionably, if someone writes a postdated check, notifies the recipient of the check that it is postdated, and the recipient then knowingly accepts the check, the writer of the check cannot be found guilty of writing a bad check simply because the recipient unilaterally attempted to present it for payment prior to the agreed-upon date. Some further evidence would have to be presented to show that the check's writer possessed fraudulent intent at the time he wrote the postdated check, regardless of whether there were sufficient funds to cover the check after it was presented prematurely.

*Raine*, 57 So. 3d at 673 (¶13).

1. Malicious Prosecution

To establish a claim for malicious prosecution under Mississippi law, a plaintiff must prove: (1) the institution of civil or criminal proceedings by the defendant; (2) termination of the proceedings in the plaintiff's favor; (3) malice in instituting the proceedings; (4) want of probable cause; and (5) damages. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 693 (5th Cir. 2010) (citations omitted); *Jordan v. Premier Entm't Biloxi, LLC*, No. 1:13CV195-LG-JMR, 2014 WL 991733, at *6 (S.D. Miss. Mar. 13, 2014).

Here, Defendants insist that the criminal proceedings were not instituted on their behalf. Moreover, Defendants assert that Plaintiff cannot show that there was malice in the institution of

the charges. There is proof in the record, however, that Norman Clark presented to the Calhoun County District Attorney and Sheriff's Department the NSF checks. Clark's "Bad Check Affidavits" as well could be construed to be misrepresentations to the Justice Court. As noted above, Clark swore that the checks were "issued and delivered" on September 11 and September 26, even though the Plaintiff contends the checks were postdated to those dates. Therefore, Plaintiff claims that Clark falsified information in the Affidavits in order to pursue illegal and unfounded criminal charges against Plaintiff. These facts and the fact that Clark did not seek to hold Gatheright liable until after his bankruptcy petition was filed makes it plausible that Plaintiff stated a claim for malicious prosecution for which relief could be granted.

2. False Arrest and False Imprisonment

Under Mississippi law, the elements of false arrest or imprisonment are two-fold: (1) the detention of a person; and (2) the unlawfulness of the detention. *See, e.g., Powell v. Moore*, 174 So.2d 352, 354 (Miss. 1965); *Hart v. Walker*, 720 F.2d 1436, 1439 (5th Cir. 1983). The Mississippi Supreme Court analyzed the ability of a plaintiff to recover from a private actor for false arrest and imprisonment under Mississippi state law. *Sunshine Jr. Food Stores, Inc. v. Aultman by and through Aultman*, 546 So. 2d 659, 662 (Miss. 1989).

In that case, a cashier, discovered unresponsive by a customer in the back of a convenience store, answered "yes" when police officers directly asked her whether the store was robbed, whether the robbers were white males, and whether she had been raped. Another customer reported that two white males with Texas tags had recently left the store. The cashier had a long history of mental episodes resulting from her diagnosed paranoid schizophrenia, and the allegations were later proven false after the suspects were detained. Upon release, the Texas

men filed civil claims against the cashier and the convenience store. The trial court directed a verdict on the false arrest and imprisonment claim in favor of the Texas men. The Mississippi Supreme Court reversed and held private actor liability for false imprisonment would only hold if that private actor instigated or participated in the unlawful confinement of another after reviewing earlier state court cases. *Id.* at 662 (citing *Lenaz v. Conway*, 105 So. 2d 762 (1958); *Smith v. Patterson*, 58 So. 2d 64, 66 (1952)). The Court cited with approval the Restatement (Second) of Torts which stated,

> [i]nstigation consists of words or acts which direct, request, invite or encourage the false imprisonment itself. In the case of an arrest, it is the equivalent, in words or conducts, of "Officer, arrest that man!" It is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them.

*Id.* (citation omitted). Accordingly, in that case, the Mississippi Supreme Court held that the private actor cashier did not direct, request, invite or encourage the false arrest of the persons, even though she made false statements of crimes during her "stuporous condition." *Id.* at 663.

Likewise, here, even if Norman Clark's affidavit was found to be false, the Plaintiff has failed to show that Clark plausibly incited his arrest and imprisonment. Under the facts alleged by Plaintiff, Norman Clark provided information which accused Plaintiff of committing a crime, and the Sheriff's Department made the ultimate decision to arrest Plaintiff on that basis. Dismissal of the false arrest and false imprisonment claim is appropriate.

3. <u>Abuse of Process</u>

The Mississippi Supreme Court has outlined the elements that must be pled to show an action of abuse of process:(1) that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process;(2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and(3) that damage resulted to the plaintiff from the irregularity. *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 394 (¶12) (Miss. 2001).

As noted above, a postdated check cannot form the basis for a charge of false pretenses; therefore, Defendants action of providing that "Bad Check Affidavits" to the Sheriff's Department and District Attorney could plausibly be construed as an improper use of the process. Moreover, Plaintiff has pled sufficient facts showing a temporal proximity between his filing bankruptcy and the false pretenses levied against him that increase the plausibility of an ulterior motive or purpose in instituting that process. Further, damage resulting from the use of the process is not controverted.

4. <u>Intentional Infliction of Emotional Distress</u>

The Court additionally finds that Plaintiff has pled enough facts to sustain his claim for intentional infliction of emotional distress, at least at this stage of the proceeding.

<u>Motion to Transfer Venue [87]</u>

The Plaintiff also seeks to "transfer venue" under 28 U.S.C. § 1404. That statute provides that a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of

justice." 28 U.S.C. § 1404. Plaintiff has failed to indicate another district or division which would be more convenient for the parties and witnesses. Accordingly, that motion is DENIED.

*Conclusion*

The Defendants' Motion to Dismiss [81] is GRANTED IN PART and DENIED IN PART. At this stage of the proceedings, Plaintiff has shown a plausible claim for relief pursuant to state law theories of malicious prosecution, abuse of process, and intentional infliction of emotional distress. Plaintiff's Motion to Transfer Venue [87] is also DENIED.

SO ORDERED, this the 20th day of January, 2016.

                                    **/s/ Sharion Aycock**
                                    **U.S. DISTRICT JUDGE**