# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

LESLY GATHERIGHT                                         **PLAINTIFF**

v.                                     **CAUSE NO.: 3:12-CV-111-SA-SAA**

**NORMAN CLARK, and**
**NAC FARMS, INC. a/k/a**
**CLARK FARMS**                                  **DEFENDANTS**

## <u>ORDER</u>

Pro Se plaintiff Lesly Gatheright moves to compel non-parties District Attorney Ben Creekmore and Assistant District Attorney Lon Stallings to give deposition testimony by written examination (docket 104) and also seeks an extension of the discovery deadline [docket 105] to February 29, 2016 to allow him to conduct these depositions. Plaintiff represents that he has been unable to take the depositions of Creekmore and Stallings due to the counsel for the non-party deponents' failure to comply with properly issued subpoenas.

Defendants Norman Clark and NAC Farms, Inc., a/k/a Clark Farms, oppose Plaintiff's motion to enlarge the discovery deadline on grounds that Plaintiff had ample time to depose Creekmore and Stallings and resolve any objections to their depositions under the current deadlines. Docket 110. Special Assistant Attorney General for the State of Mississippi Paul Barnes entered his appearance in this action on behalf of "the moving State Defendants, the Honorable Haley Barbour, former Governor of the State of Mississippi; Jim Hood, Attorney General of the State of Mississippi; District Attorney Ben Creekmore; Assistant District Attorney Lon Stallings; Assistant District Attorney Mickey Mallette; and former Assistant District Attorney Honey Ussery." [Docket 114].

However, most of the self-described "moving State Defendants," and in particular, the proposed deponents, are not named defendants in the present case.[1]  The record indicates that plaintiff has fruitlessly endeavored to depose non-parties for some time during the discovery process.  Early attempts to depose State employees (including Lon Stallings) were denied by this court for failure to conform to Rule 31 of the Federal Rules of Civil Procedure [Docket 77].  In November of 2015, plaintiff had subpoenas issued for Creekmore and Stallings to testify via deposition.  The record indicates that the subpoenas were served on Creekmore and Stallings on December 8, 2015 [Docket 95].

The record also indicates that plaintiff and Paul Barnes agreed to postpone the depositions of Creekmore and Stallings until a mutually agreeable time and date to work out potential privilege/work product issues between plaintiff and Barnes.  Before the Creekmore and Barnes depositions could be coordinated, plaintiff initiated a separate lawsuit in this court, *Gatheright v. Barbour, et al.*  Civil Action No. 3:16-cv-3-GHD-SAA, which included Creekmore and Stallings as named defendants.  After plaintiff filed this newest lawsuit, Mr. Barnes then refused to comply with the deposition subpoenas and declined to produce Creekmore and Stallings for depositions.

Rule 31 of the Federal Rules of Civil Procedure states, in pertinent part:

**Depositions by Written Questions**
**(a) When a Deposition May Be Taken**
 (1) *Without Leave.*  A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45.
 (2) *With Leave.*  A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
  (A) If the parties have not stipulated to the deposition and:

---

[1] Plaintiff did attempt to join Ben Creekmore and Lon Stallings, among others, as parties in this lawsuit [Docket 30], but his motion was denied by Order of this court [Docket 54].

        (i)       the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;

        (ii)      the deponent has already been deposed in the case; or

        (iii)     the party seeks to take a deposition before the time specified in Rule 26(d); or

    (B)  if the deponent is confined in prison.

  (3)  *Service; Required Notice*.  A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.  The notice must also state the name or descriptive title and the address the officer before whom the deposition will be taken.

Rule 26(b)(1) controls the scope of discovery, allowing parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense..." Relevance is typically interpreted broadly to allow liberal discovery.  See *Hickman v. Taylor*, 329 U.S. 495 (1947).  The Fifth Circuit has, in light of this discovery standard, noted that "it is very unusual for a court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979); see also *United States v. McKesson Corp.*, 2011 WL 2708494 (N.D. Miss. July 11, 2011).

The record in this case indicates that both Ben Creekmore and Lon Stallings were served with properly issued subpoenas on December 8, 2015 to testify via deposition on December 16, 2015 [Docket 95], and failed to comply with their obligations under the subpoenas.  Neither Mr. Barnes's suggestion that plaintiff has operated in bad faith nor that the deponents may assert potential immunity defenses in another case at some point in the future relieves Creekmore and Stallings of their duty to comply with the deposition subpoenas in this case.  An immunity defense in a separate action does not prevent the discovery by plaintiff of otherwise discoverable information in this case about which Creekmore and Stallings have knowledge.

Because Creekmore's and Stallings's counsel refused plaintiff's efforts to depose them, and because plaintiff, a *pro se* litigant, substantially complied with the requirements of Rules 31 and 45 of the Federal Rules of Civil Procedure, the subpoenas will be modified to allow plaintiff to re-schedule their depositions. The deponents and their counsel must schedule and appear for the depositions no later than **February 29, 2016**.  As for the location of the depositions, the court will only order that the depositions occur within the Northern District of Mississippi. Consequently, as long as the location is within the Northern District, the court will not dictate the exact location of the deposition.

As to potential privilege or work product information that could arise during the course of the depositions, counsel for Creekmore and Stallings can address any objections at the time of the depositions, just as he would in any other case.

Plaintiff's Motion to Compel Ben Creekmore and Lon Stallings to Answer Questions at Deposition Upon Written Examination [Docket 104] is GRANTED.  Plaintiff's Motion to Enlarge Discovery Deadline [Docket 105] is GRANTED, and the discovery deadline is extended until **February 29, 2016**, for the limited purpose of taking the Creekmore and Stallings depositions.  The motions deadline is extended until **March 15, 2016**.  All other deadlines will remain the same.  The non-parties' Motion to Quash the deposition subpoenas of Creekmore and Stallings [Docket 115] is DENIED.

The court will grant no further extensions of time in this case, and all other deadlines will remain the same.  The court expects that counsel and plaintiff will work cooperatively and professionally to resolve this matter and all future discovery issues in the instant litigation.

SO ORDERED, this the 4th day of February, 2016.

__/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE