UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LESLY GATHERIGHT**                                                 **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:12-CV-00111-SA-SAA**

**NORMAN CLARK and
NAC FARMS, INC. a/k/a
CLARK FARMS**                                             **DEFENDANTS**

---

**LESLY GATHERIGHT**                                               **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:16-CV-003-GHD-SAA**

**HALEY BARBOUR; JIM HOOD; BEN CREEKMORE;
LON STALLINGS; HONEY USSERY; MICKEY MALLETTE;
CALHOUN COUNTY, MISSISSIPPI SHERIFF'S OFFICE;
DEWAYNE WINTER; AND TRACY MCGUIRT**          **DEFENDANTS**

## ORDER DENYING MOTION TO CONSOLIDATE

Non-parties Haley Barbour, Jim Hood, Ben Creekmore and Lon Stallings who are defendants in Action No. 3:16-cv-003-GHD-SAA, along with defendants Mickey Mallette and Honey Ussery, have moved under Rule 42(a), *Federal Rules of Civil Procedure*, and Rule 42, *Uniform Local Rules of the District Courts*, for an order consolidating these actions for trial and all pretrial purposes. Docket 117. Plaintiff did not respond to the motion to consolidate. Defendants Norman Clark and NAC Farms have objected to the motion to consolidate on grounds that (1) the interests of the parties in the two civil actions are not the same; (2) client prejudice outweighs principles of judicial economy and fundamental fairness; and (3) the state defendant may have additional time to file answers or jurisdictional and/or immunity motions.

1

Docket 124, 125.

The movants' having filed the motion at all is somewhat puzzling to the court because even though defendants Mallette and Ussery were named as defendants in No. 3:12cv111, they were never served with process; in fact, it does not appear that plaintiff ever sought to have process issued against them. Until the motion was filed, those two defendants had never made an appearance or played any role in No. 3:12cv111, which, as the case number denotes, was filed years ago – in 2012.

Under Rule 42(a) of the *Federal Rules of Civil Procedure*, "actions before the court [which] involve a common question of law or fact...may [be] consolidate[d]." Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1997), quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). A trial court has broad discretion in determining whether to consolidate a case. *See Alley v. Chrysler Credit Corp*., 767 F.2d 138, 140 (5th Cir. 1985).

In 3:12-CV-111, plaintiff brought claims for malicious prosecution, false arrest and imprisonment, abuse of process and intentional infliction of emotional distress. As noted, the only defendants who have participated – or who were even required to participate – in defending those claims are Clark and NAC Farms, Inc. The court denied plaintiff's motion to amend to add nineteen additional defendants – including the defendants now sued in No. 3:16cv003 – on September 3, 2015. Chief Judge Aycock dismissed the false arrest and false imprisonment claims against Clark and NAC Farms, Inc. on January 20, 2016.

In 3:16-CV-003, plaintiff brought suit against Haley Barbour, Jim Hood, Ben Creekmore, Lon Stallings, Honey Ussery, Mickey Mallette, Calhoun County, Mississippi Sheriff's Office,

DeWayne Winter, and Tracy McGuirt for the same four claims made in No. 3:12cv111. Though the four claims in the new case are the same as in 3:12-CV-111, the specific allegations within plaintiff's *pro se* complaint, though perhaps inartfully drafted, are materially different than the allegations in the complaint filed in 3:16-CV-003. Specifically, plaintiff makes the following allegations in 3:16-CV-003:

> (1) that defendant Barbour ignored plaintiff's FOIA request, and obstructed justice when he threatened to use a Mississippi Governor's Warrant to have plaintiff extradited from Cook County, Illinois to Calhoun County, Mississippi.
>
> (2) that defendant Hood ignored plaintiff's FOIA requests and failed to properly supervise District Attorney Ben Creekmore and Assistant District Attorneys Stallings, Ussery and Mallette.
>
> (3) that defendant Creekmore failed to properly supervise defendants Stallings, Ussery and Mallette.
>
> (4) that defendant Stallings withheld evidence from a grand jury, intimidated plaintiff, and threatened to try plaintiff's false pretenses case in two days without notice.
>
> (5) that defendant Ussery prosecuted plaintiff's criminal false pretenses case for four years despite knowing that post-dated checks are not prosecutable under Mississippi law.
>
> (6) that defendant Mallette continued to prosecute plaintiff under Count II of the false pretenses case despite knowing that post-dated checks are not permissible under Mississippi law.

(7) that the Calhoun County Sheriff's Office failed to properly supervise Deputy Dewayne Winter, and allowed Winter act arbitrarily and illegally against plaintiff as a bill collector for a debt, which had been dismissed in United States Bankruptcy Court.

(8) that defendant McGuirt failed to perform her duty as Justice Court Clerk when she notarized a false affidavit illegally and did not inform Norman Clark of the content of the affidavit Clark signed and which McGuirt notarized.

Docket 1.

Plaintiff's case against Norman Clark and NAC Farms, Inc., 3:12-cv-111-SA-SAA, is drawing to a close. The discovery deadline was extended to February 29, 2016 for the sole purpose of allowing two depositions upon written questions, the expert designation deadlines have already run, the final pretrial conference is set for May 12, 2016, and the case will be tried shortly thereafter.

Plaintiff's case against the movants, 3:16-cv-003-GHD-SAA, has not yet had a case management conference, and no deadlines have even been set for discovery or a trial. If the court were to consolidate the two cases, the result would be prejudicial to Norman Clark and NAC Farms, who have defended their case since November of 2012. Consolidation is improper if it would prejudice of the parties. *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195-96, *cert. Denied*, 386 U.S. 958, 87 S. Ct. 1027 (1967). The Fifth Circuit has approved denial of motions to consolidate when one case is nearing trial and the other is in its infancy. *See St. Bernard General Hosp., Inc. v. Hospital Service Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983).

4

For the foregoing reasons, the non-parties' motion to consolidate is **DENIED**.

THIS, the 16th day of February, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE