IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LESLY GATHERIGHT                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:12-CV-111-SA-SAA

NORMAN CLARK and
NAC FARMS                                                                                              DEFENDANTS

MEMORANDUM OPINION

Defendants filed a Motion for Summary Judgment [143] asserting that no genuine issue of material fact exists as to Plaintiff's three remaining claims, or alternatively, that Plaintiff failed to state a claim from which relief could be granted. Plaintiff filed a Motion for Partial Summary Judgment [123]. Both motions are now ripe.

*Factual and Procedural Background[1]*

On April 25, 2008, Norman Clark filed two "Bad Check Affidavits" with the Justice Court of Calhoun County. Clark's discovery responses attached to the summary judgment record by Plaintiff indicate that the Justice Court Clerk, Tracy McGuirt, pointed Clark to the pre-printed "Bad Check Affidavit" form to file his claims. McGuirt acknowledged that she failed to inquire whether the checks were post-dated.[2] In those Affidavits, Clark swore that Plaintiff Lesly Gatheright "willfully and unlawfully and feloniously, with intent to defraud" issued and delivered a check to NAC Farms, Inc. on September 11 and September 26, 2007 in the amount of $8,280.00 and $8,100.00, respectively.

---

[1] For a more in-depth background of this case, please refer to the Court's Memorandum Opinion on Defendants' Motion to Dismiss [107].
[2] As noted in the prior Opinion, post-dated checks cannot support a criminal conviction for obtaining money under false pretenses. *Henderson v. State*, 534 So. 3d 554, 556 (Miss. 1998).

Plaintiff was arrested in Chicago, Illinois on a governor's warrant from the State of Mississippi. He was incarcerated without bond in Chicago for six weeks until his extradition to Mississippi, where he spent another five days in jail. Plaintiff was indicted on May 14, 2009, on two counts of False Pretenses in the Circuit Court of Calhoun County, one count for each check. Count I was dismissed in November of 2011 in Plaintiff's favor. Count 2 was also dismissed, on January 6, 2015.

Plaintiff brought this lawsuit against Norman Clark and NAC Farms alleging the following causes of action: (1) malicious prosecution; (2) false arrest and imprisonment; (3) abuse of process; and (4) intentional infliction of emotional distress. The Court dismissed the false arrest and imprisonment claim on the grounds that Plaintiff failed to allege that Defendants incited his arrest. *See Sunshine Jr. Food Stores, Inc. v. Aultman, by and through Aultman*, 546 So. 2d 659, 662 (Miss. 1989).

Plaintiff filed a Motion for Partial Summary Judgment [123], and the Defendants have now filed a Motion for Summary Judgment [143] on the remaining claims.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

The Mississippi Code makes it "unlawful for any person with fraudulent intent "[t]o make, draw, issue, utter, deliver, or authorize any check . . . that the maker, drawer or payor has not sufficient funds in or on deposit with such bank . . . ." MISS. CODE ANN. § 97-19-55. Once Notice of the Returned Checks has been sent, the statute authorizes the holder of such instruments to "present a complaint to the district attorney." MISS. CODE ANN. § 97-19-75(1). "Upon receipt of such complaint, the district attorney shall evaluate the complaint to determine whether or not the complaint is appropriate to be processed by the district attorney." *Id*. Further, the statute requires "approval of the complaint by the district attorney" before a "warrant may be

issued by any judicial officer authorized by law to issue arrest warrants." *Id.* at § 97-19-75(3). The statute further gives the district attorney discretion to assist complainants with recovery of restitution from persons convicted of writing bad checks. MISS. CODE ANN. § 97-19-73.

Plaintiff presented two post-dated checks to Norman Clark at NAC Farms in the fall of 2007. When Clark attempted to deposit the checks after the post date, the bank returned both for insufficient funds. Clark went to the Justice Court Clerk at the Calhoun County Justice Court, who directed him to fill out a "Bad Check Affidavit" on those checks. Once the Affidavits were completed and entered into the Justice Court system, warrants for Gatheright's arrest were signed by the Justice Court Judge for "Felony Bad Check" under Mississippi Code Section 97-19-55. Clark mailed a Notice of Returned Check by certified mail to Gatheright at the address printed on the checks. That Notice provided that a failure to pay the amount owed within fifteen days "shall be presumptive evidence of [Gatheright's] intent to defraud." The Notice was refused by Gatheright and returned to Defendants.

The warrant signed by the Justice Court Judge was automatically sent to the Calhoun County Sheriff's Department. After receiving the warrants on Gatheright, Sheriff's Deputy Dewayne Winter interviewed Clark who told him "how the checks came about." Deputy Winter's report noted that the offense was for two bad checks pursuant to Section 97-19-55. After attempting to contact Gatheright at "several different locations and on the web," Deputy Winter had another officer enter Gatheright into the NCIC system as a wanted person on May 2, 2008. The Chicago Police Department picked up Gatheright on October 16, 2008, and the Assistant District Attorney requested extradition to Mississippi on October 27, 2008.

To establish a claim for malicious prosecution under Mississippi law, a plaintiff must prove: (1) the institution of civil or criminal proceedings by the defendant; (2) termination of the

proceedings in the plaintiff's favor; (3) malice in instituting the proceedings; (4) want of probable cause; and (5) damages. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 693 (5th Cir. 2010) (citations omitted); *Jordan v. Premier Entm't Biloxi, LLC*, No. 1:13CV195-LG-JMR, 2014 WL 991733, at *6 (S.D. Miss. Mar. 13, 2014). Likewise, abuse of process requires a plaintiff to show (1) that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process;(2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and (3) that damage resulted to the plaintiff from the irregularity. *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 394 (Miss. 2001). An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with *maliciously* causing process *to issue,* while the former is concerned with the improper use of process after it has been issued. *Shamburger v. Grand Casino of Mississippi, Inc./Biloxi*, 84 F. Supp. 2d 794, 802 (S.D. Miss. 1998) (citing *Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997)).

Plaintiff's Complaint alleges that Defendants falsely swore that Plaintiff did "make, issue and deliver" the initial check on September 11, 2007, as opposed to August 27, 2007. Once that Affidavit was executed, the process, as explained by Tracy McGuirt, was automatic and did not require the Defendants' prodding to proceed. Plaintiff has failed to implicate the process after the Bad Check Affidavit was issued. "Abuse of process is an intentional tort and requires a showing of bad faith." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 191 (Miss. 1989) (citing *Wilkerson v. Randall*, 180 So. 2d 303 (1965)). Plaintiff has failed to raise a genuine issue of material fact that Defendants engaged in any bad faith actions after process was issued. Therefore, Plaintiff has failed to state a claim for abuse of process.

Plaintiff contends that the false date of delivery of the check is evidence of malice in the prosecution against Plaintiff. As testified by the Justice Court Clerk, Tracy McGuirt, the "Bad Check Affidavit" is a form provided by the Attorney General's Office in which complainants fill in their own name, the defendant's name, the date, and the goods or property for which the check was written. Indeed, Clark filled out that

> *Lesly J. Gatheright*, in the district, county and state aforesaid, on or about the 11th day of *Sept.* A.D., 20*07*, did willfully and unlawfully with intent to defraud, make, issue and deliver unto *NAC Farms Inc.*, for value, to-wit: *sweet potatoes* his certain check on a bank or depository of the words and figures as follows:
>
> See Check Attached Hereto.

There is no evidence in the record that Defendants knowingly misused the "Bad Check Affidavit" or maliciously commenced prosecution on these two returned checks. The undisputed evidence reflects that Defendants followed the direction of the Justice Court Clerk to fill out the Bad Check Affidavit. With over $16,000 of dishonored checks written by Gatheright, the Defendants were not unreasonable in reporting him to the Justice Court. *See Funderburk v. Johnson*, 935 So. 2d 1084, 1098-99 (Miss. Ct. App. 2006) ("The court must determine whether, from the facts apparent to the defendant, a reasonable person would have initiated the prosecution."); *Bankston v. Pass Road Tire Ctr., Inc.*, 611 So. 2d 998, 1007 (Miss. 1992) (affirming grant of directed verdict on malice element of malicious prosecution where a reasonable person would report $10,000 worth of dishonored check to the police and cooperate with police by supplying information). Indeed, "a citizen has a privilege to start the criminal law into action by complaints to the proper officials so long as one acts either in good faith, i.e., for a legitimate purpose, or with reasonable grounds to believe that the person proceeded against may be guilty of the offense charged." *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1117 (Miss.

1998) (quoting *Benjamin v. Hooper Elec. Supply Co.*, 568 So. 2d 1182, 1187 (Miss. 1990). There is no evidence Defendants were advised that a post-dated check could not form the basis of a false pretenses charge or had knowledge regarding same. Defendants were reasonable in filing a Bad Check Affidavit on the two checks.

Plaintiff has failed to show that any genuine issues of material fact exist as to the malicious prosecution of the checks. *See Benjamin*, 568 So. 2d at 1187 (noting that the "law allows a wide latitude for honest action on the part of the citizen who purports to assist public officials in their task of law enforcement"). Defendants' Motion for Summary Judgment as to the abuse of process and malicious prosecution claims is granted.

Defendants have also requested summary adjudication on Plaintiff's intentional infliction of emotional distress claim. In Mississippi, the standard for the tort of intentional infliction of emotional distress is very high, and focuses on the defendant's conduct rather than on the plaintiff's emotional condition. *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993). To prove a claim of intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency. *Brown v. Inter-City Fed. Bank for Sav.*, 738 So. 2d 262, 264 (Miss. Ct. App. 1999). Liability does not extend to "mere insults, indignities, threats, annoyances, or petty oppressions." *Raiola v. Chevron U.S.A. Inc.*, 872 So. 2d 79, 85 (Miss. Ct. App. 2004).

The behavior which Gatheright alleges caused his emotional distress was Defendants' filing the Bad Check Affidavits against him and failing to indicate on the pre-printed forms that the checks were post-dated. As noted above, Gatheright failed to establish the malice and want of probable cause elements of malicious prosecution. Since Defendants were reasonable in filing the Bad Check Affidavits against Gatheright, their conduct was not extreme, outrageous, or

7

beyond all possible bounds of decency. *See Croft*, 910 So. 2d at 75; *Funderburk v. Johnson*, 935 So. 2d 1084, 1099-1100 (Miss. Ct. App. 2006). Plaintiff has failed to "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial'" on this claim. *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. 2548 (citation omitted); s*ee also TIG Ins. Co.*, 276 F.3d at 759 (finding that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to show a genuine issue of material fact).

*Conclusion*

The Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Partial Summary Judgment is DENIED. Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 31st day of March, 2016.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**